UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH COHEN, II,

     Plaintiff,

v.

                                       Case No. 2:12-cv-13029
                                       Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

**OPINION AND ORDER (1) ADOPTING REPORT AND
RECOMMENDATION; (2) DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT; AND (3) GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

Plaintiff applied for social security supplemental income benefits on July 31,

2008, alleging that he became disabled on March 17, 1984.  The Social Security

Administration denied Plaintiff's request for benefits initially on February 9, 2009.

Upon Plaintiff's request, Administrative Law Judge Henry Perez, Jr. ("ALJ")

conducted a *de novo* hearing on April 16, 2010.  The ALJ issued a decision on

September 24, 2010, finding that Plaintiff was not entitled to benefits.  The ALJ's

decision became the final decision of the Social Security Commissioner

("Commissioner") when the Social Security Appeals Council denied review on

May 14, 2012.  Plaintiff thereafter filed a timely civil action with this Court.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Charles E. Binder.  On May 23, 2013, Magistrate Judge Binder filed his Report and Recommendation (R&R) recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion.  At the conclusion of the R&R, Magistrate Judge Binder advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  Plaintiff filed timely objections to the R&R on June 5, 2013.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-512 (6th Cir. 1994).  Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are to review the entire administrative record to determine whether the

ALJ's decision is supported by substantial evidence, but may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)).  Thus, so long as the Commissioner's decision is supported by substantial evidence, it must be upheld even if substantial evidence exists in the record that might support an opposite conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

The Court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## ANALYSIS

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her own decision and does not proceed further. *Id*.  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*.  "The burden of proof is on the claimant through the first four steps . . . If

the analysis reaches the fifth step without a finding that the claimant is not

disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and*

*Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482

U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step process is as follows:

1.  At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).[1]

2.  At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3.  At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3]  *Id.*

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since July 31, 2008, the application date.  (ECF No. 5-2 at 16.)

[2] The ALJ concluded that Plaintiff has the following severe impairments: psychosis, not otherwise specified/paranoid schizophrenia, and history of learning disorder.  (ECF No. 5-2 at 16.)

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  (ECF No. 5-2 at 16-17.)

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

Plaintiff raises one objection to Magistrate Judge Binder's R&R.  Plaintiff claims that Magistrate Judge Binder "erred in finding that the ALJ's residual functional capacity assessment accounted for limitations on his ability to maintain concentration, persistence, or pace" that were found by the state agency psychological consultant.  (Pl.'s Obj. at 1, ECF No. 15.)  Plaintiff asserts that the ALJ, despite finding that he had moderate limitations in maintaining concentration and persistence, failed to include any recognition of those limitations in his assessment of Plaintiff's residual functional capacity or in the subsequent hypothetical question posed to the vocational expert.  (*Id*. at 1-2.)  Plaintiff contends that the Magistrate Judge's R&R also fails to acknowledge this omission.

---

[4] The ALJ found that Plaintiff could perform "a full range of work at all exertional levels but with the following non-exertional limitations: Claimant is capable of simple job assignments; routine production or stress; occasional contact with supervisors; and simple 1 to 2 step instructions."  (ECF No. 5-2 at 17.)

[5] The ALJ determined that considering Plaintiff's age, educational background, work experience, and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform based on his exertional and non-exertional limitations.  (ECF No. 5-2 at 20.)  The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act.  (*Id*. at 20-21)  Magistrate Judge Binder found substantial evidence in the record to support this finding.  (ECF No. 14 at 11-13.)

(*Id*. at 3.)  Accordingly, Plaintiff requests that his motion for summary judgment be granted, reversing the decision of the Commissioner, and that the matter be remanded for further analysis.  *Id*.

This Court finds no error in Magistrate Judge Binder's analysis of the issue. In her summary conclusions for the Mental Residual Functional Capacity Assessment, the state agency psychological consultant, Zahra Khademian, M.D. indicated that Plaintiff had moderate limitations in concentration, persistence, and pace ("CPP").  (ECF No. 5-7 at 229.)  However, Dr. Khademian did not identify CPP limitations for Plaintiff in the functional capacity assessment and concluded that he retains the ability to do simple unskilled tasks in [sic] a regular basis . . .." (*Id*. at 231.)  In that instance, courts have concluded that a remand is not necessary. *See Hicks v. Comm'r of Soc. Sec'y*, No. 10-cv-13643, at *8 n.3 (E.D. Mich. Aug. 30, 2011) (citing cases where the courts do not remand for the ALJ to include a "moderate" CPP limitation where a medical professional makes a finding that the claimant has "moderate" difficulties but ultimately concludes that he or she can work); *see also* R&R at 12-13.  In other words, because Dr. Khademian ultimately concluded that Plaintiff is capable of unskilled work, it was not inconsistent for the ALJ to accord great weight to her opinion but not include CPP limitations in the RFC or error for the ALJ to not specifically explain why he did not include those limitations in the RFC.

## SUMMARY

For the above reasons, the Court adopts Magistrate Judge Binder's finding that there is substantial evidence in the record to support the Commissioner's final decision to deny Plaintiff's benefits.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

Dated: July 12, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Norton J. Cohen, Esq.
AUSA Andrew J. Lievense
AUSA Jason Scoggins